**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| GREGORY MAVERICK HILTON, | ) | |
| Petitioner, | ) | |
| v. | ) | CV425-188 |
| WARDEN TERRENCE DICKERSON, | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Gregory Maverick Hilton filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. The Court conducted the required screening and directed the Respondent to respond and show cause why the relief sought should not be granted. *See* doc. 5. When the Respondent failed to respond, the Court entered a second order to show cause. Doc. 7. The Commissioner of the Georgia Department of Corrections filed a Motion to Intervene, which is discussed below. Doc. 8. The Commissioner also filed a response, arguing that the Petition should be dismissed. *See* doc. 9. The Commissioner's response explains that the failure to respond timely to the original Order was the result of

an administrative oversight. *See* doc. 9-1 at 2-3. Petitioner responded. Docs. 11 & 12. Neither response objects to the Commissioner's explanation for his untimely filing. *See generally* docs. 11 & 12. Accordingly, the Court will consider it. *Cf*. Fed. R. Civ. P. 6(b); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). For the reasons explained below, the Motion to Intervene is **GRANTED**. Doc. 8. Hilton's Petition should be **DISMISSED**. Doc. 1.

Before reaching the substance of Hilton's Petition, the Court must address the Motion to permit the intervention of the Commissioner of the Georgia Department of Corrections, Tyrone Oliver. Doc. 8. The Motion stands unopposed. *See generally* docket. Commissioner Oliver's Motion informs the Court that the facility where Hilton is incarcerated is a "private prison." Doc. 8-1 at 1. This Court has previously recognized that the warden of a private prison "is an employee of the corporation running the prison, not a state employee," and that the proper respondent was the Commissioner of the Department of Corrections, as "the chief officer in charge of Georgia's penal institutions." *See Clemons v. Medlin*, CV114-129, doc. 9 at 1-2 (S.D. Ga. Sept. 17, 2014). The United States District Court for the Northern District of Georgia has also found that the

Commissioner is the proper respondent. *See Sands v. Medlin*, 2014 WL 6791588, at *1 (N.D. Ga. Dec. 2, 2014). Accordingly, the Commissioner's Motion to Intervene is **GRANTED**. Doc. 8. The Clerk is **DIRECTED** to update the caption of this case to indicate that the Respondents are Terrrence Dickerson, Warden, and Tyrone Oliver, in his official capacity as the Commissioner of the Georgia Department of Corrections. *See Clemons,* CV114-129, doc. 9 at 2; *Sands*, 2014 WL 6791588, at *1.

Hilton "was convicted of malice murder and other crimes after he shot and killed his next-door neighbor, Tommy Allen." *Hilton v. State*, 918 S.E. 2d 332, 333 (Ga. 2025). On direct appeal, the Supreme Court of Georgia rejected his argument that the trial court erred when it failed to charge the jury on voluntary manslaughter. *Id.* Although the Supreme Court's opinion on that argument was somewhat equivocal, *see id.* at 334 ("[E]ven assuming without deciding that Hilton's statement constituted 'slight evidence' of provocation, and that the trial court erred in failing to give a voluntary manslaughter instruction, we conclude that any such error was harmless."), the opinion clearly relies exclusively on Georgia law, *see id.* The instant Petition asserts, as the sole ground for relief, that

"the jury should have been instructed on voluntary manslaughter." Doc. 1 at 5.

The Commissioner's response to the Petition argues that it "does not state a claim for relief, as no federal constitutional issue is presented, and this Court does not sit to remedy alleged errors of state law." Doc. 9-1 at 5. Petitioner's response focuses on the circumstances of his confession; specifically an allegation that his blood pressure was extremely elevated and that his interrogation was four hours long, but only "carefully picked parts" were played at his trial. Doc. 11 at 1, 3; doc. 12 at 1, 3. He also argues that the State's evidence was "circumstantial," and it failed to prove beyond a reasonable doubt that there was no "second shooter." Doc. 11 at 2; doc. 12 at 2. To the extent that those issues are raised in his Petition, they are identified as support for his jury-charge argument. *See* doc. 1 at 5. He does not respond at all to the Commissioner's argument that any failure by the trial court to instruct the jury on voluntary manslaughter is solely an issue of state law. *See generally* docs. 11 & 12.

Federal courts may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a

State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). If the statutory language were not sufficient clear, the Supreme Court has emphasized "many times that federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotations omitted). It is clear beyond any scintilla of dispute that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.*; *see also, e.g., Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1295-96 (11th Cir. 2015) (citing *Estelle*, 502 U.S. at 67-68). Since there appears to be no dispute that the sole ground asserted in the petition does not raise any issue of federal law, whatever the factual basis for the alleged error, the Commissioner is correct that it "provides no basis for relief." Doc. 9-1 at 8.

Since Hilton's Petition does not assert any basis for federal habeas relief, it should be **DISMISSED**. Doc. 1. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue

either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of July, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA