**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

GREGORY MAVERICK HILTON,

Petitioner,

v.

TERRENCE DICKERSON, and TYRONE OLIVER,

Respondents.

CIVIL ACTION NO.: 4:25-cv-188

**ORDER**

Before the Court is the Magistrate Judge's July 28, 2026, Report and Recommendation, (doc. 14), to which Petitioner has filed objections, (doc. 16). After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendations. For the reasons explained below, Petitioner's Objections are **OVERRULED**. (Doc. 16.) The Report and Recommendation is, therefore, **ADOPTED**. (Doc. 14.) Hilton's Petition is **DISMISSED**. (Doc. 1.)

The Supreme Court of Georgia explained the facts underlying Hilton's conviction. Hilton v. State, 918 S.E.2d 332 (Ga. 2025). The trial evidence showed that Hilton shot his neighbor from his front porch as the neighbor was getting into his car to leave for work. Id. at 333. Hilton confessed at the scene, told police the location of the murder weapon in his home, and explained that he committed the murder because he was in financial difficulty and "if the government was unwilling to pay for his medical disability, . . . it might have to pay for his incarceration." Id. (internal quotation marks omitted) (alterations adopted). The Court also recognized that Hilton made vague references to some dispute between Hilton and the victim but rejected Hilton's argument that the vague references were sufficient to require charging the jury on voluntary

manslaughter as either meritless or harmless. Id. at 333–34. As the Magistrate Judge explained, Hilton's Petition asserts a single ground for relief: "that the jury should have been instructed on voluntary manslaughter." (Doc. 14, pp. 3–4 (quoting doc. 1, p. 5) (internal quotation marks omitted).) Since whether a voluntary manslaughter charge was appropriate is a question of state law, the Magistrate Judge recommended dismissing the Petition because it raises no federal issue. (Id. at p. 5.)

Hilton's Objection is difficult to understand. The Objection does not dispute the Magistrate Judge's analysis or recommendation. (See generally doc. 16.) It refers to the trial court's failure to instruct the jury on voluntary manslaughter. (Id. at p. 1 (asserting the trial judge "refused the request to use his discretion as the thirteenth juror by charging the jury with voluntary manslaughter by charging the jury with [sic] voluntary manslaughter in the interest of fairness which validates my federal petition."). It does not, however, explain what federal issue Hilton asserts is implicated. (See id.) Instead, it focuses on allegations of additional errors in Hilton's trial. It suggests that the trial judge committed a constitutional error by permitting testimony from Hilton's victim's mother, admitting photos that showed the victim "in two different positions at the time of death," and that the evidence was insufficient to support his conviction. (Doc. 16, p. 1.) No such assertions were made in the Petition or in reply to the Respondent's Answer. (See generally doc. 1; doc. 11; doc. 12.) Any attempt to add such allegations at this stage would be improper. See, e.g., Brown v. Sharpe, 6:23-cv-071, 2024 WL 1254804, at *1 (S.D. Ga. Mar. 25, 2024) (Hall, C.J.) ("Attempts to amend pleadings through objections to reports and recommendations are improper.") (internal quotation omitted). Moreover, since there is no indication that any such claims have ever been presented to any state court, they also appear unexhausted. (See doc. 1, p. 3 (stating that no "other petitions, applications, or motions

concerning [the] judgment," other than the direct appeal have been filed)); see generally Hilton, 918 S.E. 2d 332. "[A] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Even if there were a procedural opportunity for Hilton to seek to amend his Petition at this stage, any such amendment would appear futile. Because the Objection does not identify any error in the Magistrate Judge's analysis, it is **OVERRULED**. (Doc. 16.)

After a careful *de novo* review, therefore, the Court agrees with the Magistrate Judge's recommendations. The Report and Recommendation is **ADOPTED**. (Doc. 14.) Hilton's Petition is **DISMISSED**. (Doc. 1.) Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, No. 4:03-cr-1, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 21st day of August, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA